IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| LED Tranquility, Inc., | ) |
|           Plaintiff, | ) |
| | ) Case No.: 20-cv-50397 |
|     v. | ) |
| | ) Mag. Judge Margaret J. Schneider |
| CryoFX, LLC, | ) |
|           Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

      Plaintiff LED Tranquility, Inc. ("Plaintiff" or "LED") entered into an agreement with CryoFX, LLC ("Defendant" or "CryoFX") to receive special effects services. LED alleges that it made a deposit for the services but when it failed to make a second payment, CryoFX claimed that LED owed an amount in excess of that specified by the agreement and disparaged LED to its clients. LED brings claims under the Illinois Deceptive Trade Practices Act and the Illinois Consumer Fraud and Deceptive Business Practices Act, as well as claims for declaratory relief, intentional interference with a business expectancy, fraudulent misrepresentation, defamation, and false light. In response, CryoFX brings counterclaims alleging breach of contract, account stated, promissory estoppel, and unjust enrichment. Currently before the Court are both parties' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the motions are granted in part and denied in part. LED's claims for declaratory judgment, fraudulent misrepresentation, and consumer fraud are dismissed without prejudice and with leave to file an amended pleading consistent with this opinion no later than May 21, 2021, as are CryoFX's claims for breach of contract and unjust enrichment.

**BACKGROUND**[1]

      On or about January 27, 2020, LED entered into an agreement with CryoFX for the provision of special effects services (hereinafter, the "Agreement") [10-1, at ¶ 8]. The contracting price for CryoFX's services was $32,951.84 [*Id.* at ¶ 9]. On January 27, 2020, LED paid CryoFX the prerequisite deposit of $16,472.92 [*Id.* at ¶ 10]. On February 26, 2020, when LED failed to pay the remainder due under the Agreement, CryoFX sent LED an invoice which included late fees and interest in addition to the amount owed (hereinafter, the "Invoice") [*Id.* at ¶¶ 11, 13]. LED alleges that during the course of the dispute between the parties, CryoFX contacted two of LED's customers, George P. Johnson and FCA Group, and told them that LED owed CryoFX $72,752.36 and engaged in criminal acts [*Id.* at ¶ 15].

---

[1] For purposes of the motions to dismiss, the Court accepts as true all of the claimants' well-pleaded factual allegations and draws all reasonable inferences in the claimants' favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

LED's complaint asserts eight claims: declaratory relief (Count I); violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.* (the "IDTPA") (Count II); intentional interference with a business expectancy (Count III); fraudulent misrepresentation (Count IV); violation of the Illinois Consumer Fraud Act, 815 ILCS 505/1, *et seq.* (the "ICFA") (Count V); defamation *per quod* (Count VI); defamation *per se* (Count VII); and false light (Count VIII) [*Id.*]. LED alleges that CryoFX knew the Agreement for special effects contained interest and late fees but failed to disclose this when presenting the Agreement, which omission LED relied upon to its detriment [*Id.* at ¶¶ 33-37]. LED further complains that CryoFX disparaged LED to its clients [*Id.* at 24]. LED originally filed this complaint in state court [*Id.*]. CryoFX subsequently removed the case to this Court. *See generally* 10-1.

On November 23, 2020, CryoFX filed an answer and four counterclaims: breach of contract (Count I); account stated (Count II); promissory estoppel (Count III); and unjust enrichment (Count IV). In its counterclaims, CryoFX seeks to enforce the Agreement as well as the Invoice [14].

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a claim must comply with Rule 8(a), by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In addition, the factual allegations of the claims must be adequate to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal citation omitted). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). In reviewing a motion to dismiss, the Court construes all factual allegations as true and draws all reasonable inferences in the claimant's favor. *Killingsworth*, 507 F.3d at 618. Determining whether a "claim is sufficiently plausible to survive a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)).

## DISCUSSION

I. LED's Claim for Declaratory Relief (Count I) Must Be Dismissed

CryoFX moves to dismiss LED's claim for declaratory relief because LED is only seeking declaratory relief about past actions, i.e. CryoFX's alleged breach of contract. It argues that a declaratory judgment action is only appropriate where a party faces future injury. Federal courts have the discretion to decline to hear a declaratory judgment action, even where there is an actual controversy. *Tempco Elec. Heater Corp. v. Omega Eng'g Inc.*, 819 F.2d 746, 746-47 (7th Cir. 1987). "[I]f a declaratory judgment will clarify and settle the disputed legal relationships at issue and afford parties relief from future insecurity and uncertainty, the action should be adjudicated rather than dismissed." *Palos Cmty. Hosp. v. Diversified Clinical Servs.*, No. 15 C 10634, 2016 WL 2984342, at *12 (N.D. Ill. May 24, 2016) (citing *Nucor Corp. v. Aceros Y Maquilas de*

2

*Occidente, S.A. de C.V.*, 28 F.3d 572, 578 (7th Cir. 1994)). But if other remedies "provide a party with the safeguards required by the law to insure the availability of a proper remedy, the courts may, in the exercise of their discretion, properly dismiss a declaratory judgment claim." *Cunningham Brothers, Inc. v. Bail*, 407 F.2d 1165, 1169 (7th Cir. 1969).

Under Illinois law, a "declaratory judgment action requires: (1) a plaintiff with a tangible, legal interest; (2) a defendant with an opposing interest; and (3) an actual controversy between the parties concerning such interests." *Adkins Energy, LLC v. Delta Corp.*, 347 Ill. App. 3d 373, 376 (2004) (internal citations omitted). "An actual controversy does not exist where the matter 'has progressed so far that there is nothing left for the parties to do except file suit for damages or other consequential relief.'" *Allen v. Jackson Nat'l Life Distribs., LLC*, No. 12 C 9391, 2013 WL 1819927, at *9 (N.D. Ill. Apr. 30, 2013) (citing *Adkins Energy, LLC*, 347 Ill. App. 3d at 373). A declaratory action "is not the proper vehicle for presenting what are, in essence, plaintiff's breach of contract allegations." *Allen*, 2013 WL 1819927, at *9 (internal citation omitted).

LED claims that CryoFX has failed to comply with the Agreement by imposing additional charges after LED failed to remit payment, causing LED to file this suit asking the Court to declare the parties' rights under the Agreement. In this case a declaratory judgment action is improper because the alleged breach of the contract has already occurred. There is no dispute that LED failed to make its second payment pursuant to the Agreement. The only question left to be decided is the amount that LED currently owes CryoFX under the Agreement. Accordingly, there is no basis for a declaratory judgment action and the claim should be dismissed.

II.     LED's Deceptive Trade Practices Claim (Count II) is Pled Sufficiently

CryoFX next contends LED's deceptive trade practices claim is not sufficiently pled. To survive a motion to dismiss under subsection 8 of the IDTPA, a plaintiff must allege that the defendant disparaged its goods, services, or commercial activities by false or misleading representations of fact. 815 ILCS 510/2(8). CryoFX argues that LED's IDTPA claim fails to comply with Rule 9(b), which provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity." Fed. R. Civ. P. 9(b). However, LED's IDTPA claim does not aver fraud or mistake, so Rule 9(b) does not apply.

> One of the justifications underlying Rule 9(b) is that in a fraud case a defendant personally or vicariously makes misrepresentations to the plaintiff, so the plaintiff at least should be able to describe those misrepresentations in the complaint . . . In a disparagement case the defendant makes misrepresentations to third parties and the plaintiff may be in no position to allege those statements with particularity.

*Pain Prevention Lab v. Electronic Waveform Labs*, 657 F. Supp. 1486, 1494-95 (N.D. Ill. 1987). In its claim under the IDTPA, LED Tranquility alleges that CryoFX disparaged LED's business by making false and misleading representations of fact and that this created a likelihood of confusion or misunderstanding with LED's business partners. The Court finds these allegations sufficient to state a claim under subsection 8 of the IDTPA.

III.    LED's Claim for Fraudulent Misrepresentation (Count IV) Must be Dismissed

Turning to Count IV, CryoFX moves to dismiss LED's claim for fraudulent misrepresentation because it contends that LED did not meet Rule 9(b)'s pleading requirement for fraud. "In Illinois, fraud claims require a five-part showing: (1) a false statement or omission of a material fact; (2) the defendant's knowledge or belief that the statement was false; (3) the defendant's intent to induce the plaintiff to act; (4) the plaintiff's reliance upon the truth of the statement; and (5) damages to the plaintiff resulting from his reliance on the statement." *McMahan v. Deutsche Bank AG*, 938 F. Supp. 2d 795, 804 (N.D. Ill. 2013). Federal Rule of Civil Procedure 9(b) requires that a party alleging fraud state the "who, what, when, where, and how" of the circumstances surrounding the fraud. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

CryoFX argues that LED's fraud allegations are inadequate because LED fails to identify the elements of fraud with particularity. That is not quite true. Paragraphs 33 to 37 of the Complaint refer to the fact that CryoFX made a knowingly false statement when it produced a contract that did not include terms relating to additional interest and/or late fees, that it intended would induce LED to enter into the contract, and that LED relied on it to its detriment. Nevertheless, these allegations fail to satisfy Rule 9(b). LED states no information as to who specifically made the false statement, what it was, and through what forum the statement was made. *See Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) (quoting *Design Inc. v. Synthetic Diamond Technology, Inc.*, 674 F. Supp. 1564, 1569 (N.D. Ill. 1987) (noting that to meet Rule 9(b)'s particularity requirement "a complaint must specify the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff")). LED must provide greater detail about the circumstances surrounding the purported misrepresentation.

In addition, LED does not point to any specific affirmative statements made by CryoFX. Instead, what LED is really alleging is fraudulent concealment (or fraud by omission). In addition to the basic elements of fraud, fraudulent concealment requires that a plaintiff "allege that the defendant concealed a material fact when he was under a duty to disclose that fact to plaintiff." *Smith v. Duffey*, No. 07 C 5238, 2008 WL 4874088, at *2 (N.D. Ill. June 23, 2008) (quoting *Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 593 (Ill. 1996)). Drawing all reasonable inferences in LED's favor, LED has failed to allege that CryoFX owed a duty to disclose.

Based on the failure to plead with specificity and to allege a duty to disclose, the fraudulent concealment claim against CryoFX falls short and must be dismissed.

IV.    LED's Claim of Consumer Fraud and Deceptive Business Practices (Count V) Must be Dismissed

CryoFX moves to dismiss LED's IFCA claim because it contends that it, too, is not pled with specificity. Because LED's IFCA claim essentially mirrors its claim for fraudulent misrepresentation, for the reasons specified above the Court finds that the IFCA allegations do not meet the heightened pleading standard for fraud.

In addition, the Court notes that the IFCA "is intended to reach practices of the type which

affect consumers generally and is not available as an additional remedy to address a purely private wrong." *Banker v. First Fed. Sav. & Loan Ass'n of Champaign*, 588 N.E.2d 391, 398 (Ill. App. Ct. 1992). "A breach of contractual promise, without more, is not actionable under the Consumer Fraud Act." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 844 (Ill. 2005). LED fails to allege that CryoFX made outright misrepresentations beyond the contract-based allegations. Accordingly, in addition to the failure to plead with specificity, because LED's IFCA claim consists of a mere contract dispute, CryoFX's motion to dismiss Count V is granted.

    V.    LED's Claims for Defamation (Counts VI and VII) and False Light (Count VIII) are Pled Sufficiently

CryoFX's final challenge to LED's Complaint is that LED's defamation claims do not meet the heightened pleading requirement for fraud. To adequately plead defamation under Illinois law, a plaintiff "must present facts showing that the defendant made a false statement about the plaintiff, that the defendant made an unprivileged publication of that statement to a third party, and that this publication caused damages." *Green v. Rogers*, 917 N.E.2d 450, 459 (Ill. 2009). Illinois recognizes two categories of defamation claims: *per quod* and *per se*. *Tuite v. Corbitt*, 866 N.E.2d 114, 121 (Ill. 2006). While in a *per quod* action, the plaintiff must prove actual damages, in a *per se* action, the statement's defamatory character must be so "obvious and apparent on its face" that "injury to the plaintiff's reputation may be presumed." *Id*. Five types of statements are defamatory *per se*, including those that prejudice a party in his or her trade, profession, or business. *Muzikowski v. Paramount Pictures, Corp.*, 322 F.3d 918, 924 (7th Cir. 2003).

Meanwhile, in order to prevail on a claim for the tort of false light invasion of privacy, a claimant must demonstrate that the publicity at issue is "of and concerning" him or her, that it placed him or her in a false light, and that there was actual malice. *Id.* at 927. If the action is based on statements that are not defamatory *per se*, special damages must also be plead. *Id.* "[A] plaintiff bringing a defamation claim in federal court 'is entitled to the usual rules for notice pleading established by Rule 8, and Rule 8 does not require that the complaint recite verbatim the allegedly defamatory statement." *Rivera v. Allstate Ins. Co.*, 140 F. Supp. 3d 722, 728 (N.D. Ill. 2015) (internal citations omitted).

LED alleges that during the course of the dispute between the parties, CryoFX contacted two of LED's customers and misrepresented to them that LED owes CryoFX $72,752.36, and that LED engaged in criminal acts. CryoFX contends that LED's claims for defamation and false light must be dismissed for failure to meet the heightened pleading requirement for fraud. CryoFX seeks to hold LED to a standard that the law does not require. Counts VI, VII, and VIII must only satisfy the notice pleading standard of Rule 8. *Id.* The allegations in the complaint meet the pleading requirements for these claims; therefore, CryoFX's motion to dismiss Counts VI, VII, and VIII is denied.

    VI.    CryoFX's Claim for Breach of Contract (Count I) Must be Dismissed

LED argues that CryoFX's breach of contract claim must be dismissed because it fails to adequately allege the required elements. "Under Illinois law, a plaintiff looking to state a colorable breach of contract claim must allege four elements: (1) the existence of a valid and enforceable

5

contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (internal citations omitted). LED contends that CryoFX has failed to plead the essential terms of the contract and that it has also failed to plead that it performed its own obligations under that contract.

The Court finds that CryoFX's counterclaim for breach of contract indeed lacks sufficient allegations describing the terms of the alleged contract between the parties. The counterclaim alleges:

> That on January 25, 2020, LED and CryoFX entered into a contract in which CryoFX would provide special effects to LED . . . The Agreement required a fifty percent (50%) deposit upon signing . . . LED made the deposit payment . . . In addition to the Agreement LED also requested the product in the change order as reflected in Invoice KM-5565 in the amount of $37,810.00 . . . [CryoFX] performed all of its obligations under the terms of the Agreement and change order. LED has breached the terms of the Agreement by failing to pay the remaining balance to CryoFX. That as a direct and proximate cause of LED's breach, CryoFX has been damaged in the amount of $54,288.92, plus interest. [14, at 6-7.]

The allegations of the breach of contract claim do describe at least some of LED's obligations under the alleged Agreement, but remain silent as to other essential terms, such as the obligations of LED, what documents constituted the Agreement, whether the Invoice was a part of the Agreement or a separate agreement, the time and place of performance, etc. The counterclaim, as it currently stands, does not even put LED on notice of what the alleged contract is. A complaint must set forth factual allegations that underscore the essential elements of the claim, and legal conclusions absent adequate support should not be considered. *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985). Under Illinois law, definite and certain terms of the contract are an element of a contract claim. *Perez v. Abbott Labs.*, No. 94 C 4127, 1995 WL 86716, at *8 (N.D. Ill. Feb. 27, 1995) (citing *Midland Hotel Corp. v. Reuben H. Donnelley Corp.*, 515 N.E.2d 61, 65 (1987)). For the foregoing reasons, the Court finds that Count I fails to state a claim, and dismisses it accordingly.

VII. CryoFX's Claim for Account Stated (Count II) is Pled Sufficiently

LED's challenge to CryoFX's claim for account stated is essentially based on the sufficiency of its factual allegations. An account stated is "an agreement between the parties who have had previous transactions that the account representing those transactions is true and that the balance stated is correct, together with a promise, express or implied, for the payment of such balance." *McHugh v. Olsen*, 545 N.E.2d 379, 383 (Ill. App. Ct. 1989) (internal citations omitted). The agreement must demonstrate the assent of both the debtor and the creditor, which can take place when one party renders the account and the other acquiesces by retaining it without objection within a reasonable period of time. *Protestant Hosp. Builders Club, Inc. v. Goedde*, 424 N.E.2d 1302, 1306 (Ill. App. Ct. 1981). Whether an account stated exists is a question of fact. *McHugh*, 545 N.E.2d at 383.

LED argues that CryoFX's counterclaim fails to state a claim for account stated because it does not allege facts sufficient to support the allegations that the Agreement and the Invoice are valid and enforceable contracts, and that there is an account stated between the parties. According to LED, it did not acknowledge the pre-existing debt to CryoFX and so the account stated claim must fail. However, LED's argument regarding this count is based on a factual dispute that is best left for summary judgment. *Clark v. City of Braidwood*, 318 F.3d 764, 767-68 (7th Cir. 2003). LED specifically argues that it did not accept the Invoice, but it cannot alter the allegations in CryoFX's counterclaim. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987) (noting that "[t]he complaint cannot be amended by the briefs filed by the plaintiff in opposition to a motion to dismiss"). At the pleading stage, CryoFX's account stated claim is sufficient—no more is needed "to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010). For these reasons, the Court denies LED's motion to dismiss Count II.

VIII. CryoFX's Claim for Unjust Enrichment (Count IV) Must be Dismissed

Finally, LED contends that CryoFX's claim for unjust enrichment should be dismissed because it is inadequately pled. "To state a cause of action based on the theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of that benefit violates fundamental principles of justice, equity, and good conscience." *Muehlbauer v. GMC*, 431 F. Supp. 2d 847, 852 (N.D. Ill. 2006) (quoting *Firemen's Annuity & Ben. Fund v. Municipal Employees', Officers', & Officials' Annuity & Ben. Fund.*, 579 N.E.2d 1003, 1007 (Ill. App. 1st Dist. 1991)).

LED does not dispute that the first element of an unjust enrichment claim—that CryoFX conferred a benefit on LED—was adequately pled. Rather, according to LED, CryoFX's unjust enrichment claim must be dismissed because it does not allege that LED's retention of the alleged benefit violates fundamental principles of justice, equity, and good conscience. CryoFX argues that its allegation that LED "has been unjustly enriched to the detriment of Counter-Plaintiff" is adequate to meet the pleading requirements. "[W]hile a plaintiff need not show loss or damages, he must show a detriment—and, significantly, a connection between the detriment and the defendant's retention of the benefit." *Cleary v. Philip Morris, Inc.*, 656 F.3d 511, 519 (7th Cir. 2011). Here, the benefit that CryoFX seeks to recover is the benefit from the receipt of its product. But since CryoFX only alleged that LED has been unjustly enriched, it is difficult to see how the retention of the product is to CryoFX's detriment. Unjust enrichment is "a means of recovering something that the defendant is not entitled to but is unfairly possessing to the plaintiff's detriment." *Id.* at 520. The mere retention of a benefit, without anything more, cannot support a claim that LED unjustly retained the product to CryoFX's benefit. CryoFX's allegations are therefore insufficient to support a cause of action for unjust enrichment and Count IV must be dismissed.

7

## CONCLUSION

For the foregoing reasons, CryoFX's motion to dismiss is granted as to LED's claims for declaratory judgment (Count I), fraudulent misrepresentation (Count IV), and consumer fraud (Count V), and are denied as to the remaining claims. Likewise, LED's motion to dismiss is granted as to CryoFX's claims of breach of contract (Count I) and unjust enrichment (Count IV) and is otherwise denied.

Date: April 21, 2021          ENTER:

_Margaret J. Schneider_
United States Magistrate Judge